# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA CRISTINA CARBAJAL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. EDCV 17-0970-AFM<br><br>**MEMORANDUM OPINION AND ORDER REVERSING AND REMANDING DECISION OF COMMISSIONER** |

Plaintiff filed this action seeking review of the Commissioner's final decision denying her applications for disability insurance benefits and supplemental security income. In accordance with the Court's case management order, the parties have filed memorandum briefs addressing the merits of the disputed issues. This matter now is ready for decision.

## BACKGROUND

On October 30, 2012, Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income, alleging disability beginning September 22, 2009. (Administrative Record ("AR") 593-602.) Her applications were denied initially and upon reconsideration. (AR 409-422.) Plaintiff appeared with counsel at hearings conducted before an ALJ on November 10, 2014,

March 11, 2015, and July 31, 2015, at which Plaintiff, a medical expert ("ME"), and a vocational expert ("VE") testified. (AR 318-362.)

On August 20, 2015, the ALJ issued a decision finding that Plaintiff suffered from the following medically severe impairments: degenerative disc disease of the lumbar spine, stenosis, and stress incontinence. (AR 302.) The ALJ then determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work except that she could occasionally bend, kneel, stoop, crouch and crawl and she required access to a restroom. (AR 304-310.) After finding that Plaintiff's RFC permitted her to perform her past relevant work as a teller supervisor, the ALJ concluded that Plaintiff was not disabled at any time from September 22, 2009 through the date of the ALJ's decision. (AR 310-311.) On March 16, 2017, the Appeals Council denied review, rendering the ALJ's decision the final decision of the Commissioner. (AR 1-7.)

## DISPUTED ISSUE

Whether the ALJ improperly rejected the opinion of treating physician Suk Park, M.D.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court reviews the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *See Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). Where evidence is susceptible of more than one rational interpretation, the

2

Commissioner's decision must be upheld. *See Garrison,* 759 F.3d at 1010; *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008); *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Finally, even when an ALJ's decision contains error, it must be affirmed if the error was harmless. *Treichler*, 775 F.3d at 1099.

**DISCUSSION**

**I.   The ALJ Gave Significant Weight to Non-Treating Physician Opinions**

In reaching his RFC assessment, the ALJ gave significant weight to the opinion of P. Moazzaz, M.D. Dr. Moazzaz provided an orthopedic consultative examination in March 2013. (AR 307, 309.) Dr. Moazzaz reported that Plaintiff had a reciprocal gait pattern with normal heel and toe walking. Plaintiff was able to squat, though she reported pain while squatting. Straight leg raising was negative bilaterally in both the seated and supine positions. Plaintiff's motor strength was 5/5 in both upper and lower extremities. Dr. Moazzaz diagnosed Plaintiff with degenerative disc disease and left hip arthralgia. He opined that Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently; could stand and walk for six hours in an eight-hour work day; could sit for six hours in an eight-hour work day with normal breaks; could occasionally bend, knees, crawl, stoop and crouch; had no restriction on performing overhead activities; had the full use of her hands for fine and gross manipulation; and did not require an assistive ambulatory device. (AR 745-749.)

The ALJ also gave significant weight to the state agency review physicians who evaluated Plaintiff's medical records and assessed functional limitations essentially identical to those assessed by Dr. Moazzaz. (AR 309, 383-404.)

The ALJ further discussed the opinion of orthopedist Eric Schmitter, M.D., who testified as a medical expert. Dr. Schmitter reviewed Plaintiff's medical records and opined that Plaintiff had the following medically determinable impairment: degenerative changes in L5-S1 with mild to moderate stenosis. Dr. Schmitter noted that Plaintiff had a positive straight leg raising on the left, but

other examinations showed negative straight leg raising and a normal gait. He also noted that the record contained no evidence of neurologic findings or symptoms. (AR 307-308, 321-328.)

**II. The ALJ Gave Little Weight to the Opinion of Treating Physician Dr. Park.**

The medical record includes an assessment by one Plaintiff's treating physicians, Suk Park, M.D., physician in charge of Kaiser Victorville. In February 2015, Dr. Park completed a medical questionnaire in which he opined that Plaintiff could lift and carry on an occasional and frequent basis no more than 10 pounds; could sit for less than two hours in an eight-hour workday; could stand/walk for less than two hours in an eight-hour workday; could sit for ten minutes before being required to change position; could stand for five minutes before changing position; was required to walk around every five minutes for ten minutes; needed to lie down at unpredictable intervals every fifteen minutes during a work shift; could occasionally twist, stoop, crouch, climb stairs and ladders; was "constantly" limited in her ability to reach, handle, finger, feel, push and pull; should avoid even moderate exposure to extreme cold, heat, wetness, humidity, noise, fumes, and hazards, which would exacerbate her pain; and would miss more than three days a month of work due to her impairments. (AR 2230-2232.) In a letter dated March 12, 2015, Dr. Park further wrote that Plaintiff suffered from multilevel lumbar spine arthritis and mild to moderate lumbar spinal stenosis and that "[t]hese conditions prevent her from working." (AR 2234.)

The ALJ's discussion of Dr. Park's opinion consists of the following paragraph:

> I have considered and give little weight to S. Park, M.D., who filled out a [] residual functional capacity questionnaire on February 16, 2015 and made a disability statement on March 12, 2015. (Exhibits 26F, 27F, p.2 and 29F, p. 1). I have given little weight to this opinion

4

because it is not supported by objective evidence and it is inconsistent with the record as a whole. As an opinion on an issue reserved to the Commissioner, this statement is not entitled to controlling weight and is not given special significance pursuant to 20 CFR 404.1527(d) and 416.927(d) and SSR 96-5. This opinion is inconsistent with the objective findings already discussed above in this decision which show no more than moderate findings. This opinion is also inconsistent with the claimant's admitted activities of daily living that have already been described above in this decision. Therefore, this is given little weight. (AR 308-309.)

### III. The ALJ Erred in His Rejection of Dr. Park's Opinion Regarding Plaintiff's RFC.

The medical opinion of a claimant's treating physician is entitled to controlling weight so long as it is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting 20 C.F.R. § 404.1527(c)(2)). If a treating physician's medical opinion is uncontradicted, the ALJ may only reject it based on clear and convincing reasons. *Trevizo*, 871 F.3d at 675; *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). If a treating physician's opinion is contradicted, the ALJ must provide specific and legitimate reasons supported by substantial evidence in the record before rejecting it. *Trevizo*, 871 F.3d at 675; *Ghanim v. Colvin*, 763 F.3d 1154, 1160-1061 (9th Cir. 2014); *Garrison*, 759 F.3d at 1012. The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Trevizo*, 871 F.3d at 675 (citations and internal quotation marks omitted).

In rejecting Dr. Park's opinion as to Plaintiff's RFC,[1] the ALJ found it was not supported by objective medical evidence and was inconsistent with the record as a whole, which shows no more than "moderate findings." (AR 308-309.) Generally, these may constitute valid reasons for discounting the opinion of a treating physician if they are provided with specificity. *See Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ may discredit treating physician's opinion that is unsupported by the record as a whole or by objective medical findings). Here, however, the ALJ failed to identify any specific inconsistencies between Dr. Park's opinion and the medical record and failed to explain which portions of Dr. Park's opinion lacked objective support and why. Merely invoking the boilerplate language that Dr. Park's opinion lacked objective support or was inconsistent with undefined portions of the record reflecting moderate findings does not amount to a sufficient and specific reason for rejecting the opinion. The ALJ did not specify particular parts of the objective record or of Dr. Park's opinion; nor did he explain which "moderate" findings were inconsistent with what findings of Dr. Park. *See Garrison*, 759 F.3d at 1012-1013 ("an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion"); *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required....");

---

[1] To the extent that the ALJ declined to give controlling weight to Dr. Park's opinion that Plaintiff was "unable to work," it was not error to do so because the determination of a claimant's ultimate disability is one reserved to the Commissioner. *See Sarkiss v. Colvin*, 623 F. App'x 329, 330 (9th Cir. 2015). This reason, however, does not apply to Dr. Park's February 2015 assessment of Plaintiff's RFC, which was not an opinion on the ultimate conclusion of disability.

6

*Carmona v. Berryhill*, 2017 WL 3614425, at *4 (C.D. Cal. Aug. 22, 2017) ("Saying that a medical opinion is 'inconsistent with the substantial evidence' is not a specific reason for rejecting the opinion; it is nothing more than boilerplate."); *Stimson v. Colvin*, 194 F. Supp. 3d 986, 1002 (N.D. Cal. 2016) (same).

The ALJ offered an additional reason for rejecting Dr. Park's opinion – that it was inconsistent with Plaintiff's "admitted activities of daily living that have already been described above in this decision." (AR 309.) Regarding Plaintiff's credibility, the ALJ discussed Plaintiff's daily activities, finding that she "has engaged in a somewhat normal level of daily activity and interaction." (AR 305.) The ALJ noted that Plaintiff prepared meals, washed dishes, took care of her dog, had no problems with personal care, did laundry, went outside "very often" and alone, drove, shopped in stores and on the computer, read and sewed. (AR 305, 654-657.) The ALJ also referred to Plaintiff's testimony that she took care of her grandchild until she was six months old (a few months prior to the hearing date), after which Plaintiff continued to visit her four times a week. (AR 305, 344-345.)[2]

An inconsistency between a physician's opinion and a claimant's daily activities may constitute a proper reason to reject a treating physician's opinion if it is provided with the required specificity and explanation. *See Ghanim*, 763 F.3d at 1162 (treating physician opinion may be discounted where it is inconsistent with claimant's level of activity). But in the present case, the ALJ failed to identify any particular daily activity or activities that he considered to be inconsistent with any specific portion of Dr. Park's opinion. Without this, the ALJ's discussion of Plaintiff's daily activities does not rise to the level of a specific and legitimate reason for rejecting Dr. Park's opinion. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 493-494 (9th Cir. 2015) (citing a claimant's ability to perform basic activities

---

[2] It should be noted that Plaintiff's function report indicates that she used to help her father paint houses, but that she was no longer able to do so due to pain. (AR 653.) Thus, the ALJ misstated the record when he indicated that Plaintiff reports helping her father paint houses. (AR 305.)

7

without explaining how these activities were inconsistent with the claimant's subjective complaints is legally insufficient basis for credibility determination). Although the Court will not fault the Commissioner for explaining a decision with "less than ideal clarity," it still demands that the reasoning behind a decision be set forth in a way that allows for meaningful review. *Brown-Hunter*, 806 F.3d at 492 (quoting *Treichler*, 775 F.3d at 1099). The ALJ erred in not doing so here.

Relying upon the Ninth Circuit's decision in *Trevizo*, Plaintiff further argues that the ALJ erred in failing to assess the appropriate regulatory factors before rejecting Dr. Park's opinion. (ECF No. 19 at 9-10.) An ALJ should weigh a treating physician's opinion according to factors such as the nature, extent, and length of the physician-patient working relationship, the frequency of examinations, whether the physician's opinion is supported by and consistent with the record, and the specialization of the physician. *See Trevizo*, 871 F.3d at 676; 20 C.F.R. § 404.1527(c)(2)-(6). In *Trevizo*, the Court found that the ALJ had "erred by failing to apply the appropriate factors in determining the extent to which the opinion should be credited." 871 F.3d at 676. Specifically, although the ALJ indicated that the treating physician's opinion was inconsistent with the other evidence in the record, "the ALJ did not consider factors such as the length of the treating relationship, the frequency of examination, the nature and extent of the treatment relationship, or the supportability of the opinion." *Id*. The Court of Appeals concluded that, "[t]his failure alone constitutes reversible legal error." *Id*.

While arguably *Trevizo* may not require a detailed written analysis of each factor, it does require some indication that the ALJ considered the relevant factors. *See Torres v. Berryhill*, 2018 WL 1245106, at *5–6 (S.D. Cal. Mar. 9, 2018) (*Trevizo* does not require a written analysis of the regulatory factors, but rather an indication that the ALJ considered them); *Zeitler v. Berryhill*, 2017 WL 6017853, at *3, n.1 (N.D. Cal. Dec. 5, 2017) (rejecting argument that "specific findings on each factor were required in every case in light of *Trevizo*"); *Standen v. Berryhill*, 2017

WL 4237867, at *8 (E.D. Cal. Sept. 25, 2017) ("The court concludes that it should not read into *Trevizo* a requirement that ALJs explicitly recite an analysis of each § 404.1527(c) factor in each of their decisions. Rather, *Trevizo* requires that the record reflect that the ALJ actually considered and applied the appropriate factors.").

Nevertheless, the ALJ's opinion here does not support the conclusion that he actually considered all of the relevant factors before rejecting Dr. Park's opinion. Indeed, the ALJ's decision does not even refer to Dr. Park as Plaintiff's treating physician. Although the ALJ referenced a lack of objective support and inconsistency with the record, as discussed above, he did so in a cursory fashion. Further, there is no indication that the ALJ considered required factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, or the specialization of the physician. *See* 20 C.F.R. § 404.1527(c)(2)–(6). As in *Trevizo*, this failure alone amounts to error.

## REMEDY

Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. . . . If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id*. (citation and internal quotation marks omitted).

Although the Court has found error as discussed above, the record on the whole is not fully developed, and factual issues remain outstanding. The issues concerning Plaintiff's alleged disability "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter*, 806 F.3d at 496; *see also*

9

*Treichler*, 775 F.3d at 1101 (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the record does not clearly demonstrate the claimant is disabled within the meaning of the Social Security Act).

Accordingly, the appropriate remedy is a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).[3]

IT IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this opinion.

DATED: 3/27/2018

ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

---

[3] It is not the Court's intent to limit the scope of the remand.